UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE FRANKLIN TSETSE, | Case No.: 1:24-cv-00275-CDB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| TAMMY CAMPBELL, | ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE |
| Defendant. | (Doc. 10) |

Plaintiff Prince Franklin Tsetse is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Tammy Campbell for violations of Plaintiff's constitutional rights.

## I.   BACKGROUND

On March 6, 2024, Plaintiff filed his complaint and motion to proceed *in forma pauperis*. (Docs. 1, 2). On March 8, 2024, the Court granted Plaintiff's motion. (Doc. 7.)

On September 19, 2024, Plaintiff filed a document titled "Pleading Brief." (Doc. 10.) In that document, Plaintiff requests the Court to "move forward" with the screening of Plaintiff's complaint and to appoint counsel, and expresses his willingness to explore settlement and acquiesces to transfer back to his home country of Ghana after settlement. *Id.* at 1-2. The Court construes Plaintiff's filing as a motion to expedite the case and a motion for appointment of counsel. The Court deems an opposition by Defendant to be unnecessary.

## II.   DISCUSSION

### a.  Motion for Appointment of Counsel

#### i.  *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

#### ii.  *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see* Doc. 3 at 3-4. Plaintiff's complaint has not yet been screened. At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See, e.g.,* Docs. 1, 9, 10.) *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request

2

for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential..., the need for such discovery does not necessarily qualify the issues involved as 'complex'"); *Headley v Fisher*, No. 06 Civ. 6331 (PAC) (KNF), 2008 WL 2676601, at *2 (S.D.N.Y. July 7, 2008) ("the factual issues concerning Headley's retaliation and due process claims is straightforward and not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect"). Stated another way, Plaintiff's belief that the claims are complex is not the test. Rather, the type of claim or claims asserted are the subject of the Court's consideration of complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*,

1   No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017)

2   ("Circumstances common to most prisoners, such as lack of legal education and limited law

3   library access, do not establish exceptional circumstances that warrant a request for voluntary

4   assistance of counsel").

5       Further, Plaintiff is advised the fact an attorney may be better able to perform research,

6   investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance.

7   *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district

8   court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-

9   particularly in the realm of discovery and the securing of expert testimony"); *Wilborn* 789 F.2d at

10  1331 (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D.

11  Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel

12  were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his

13  claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No.

14  10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that

15  "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of

16  complex legal issues warranting a finding of exceptional circumstances").

17      The test is not whether Plaintiff would benefit from the appointment of counsel; the test is

18  whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the

19  appointment of counsel. As such, Plaintiff's motion for appointment of counsel is DENIED.

20                          **b.  Motion to Expedite**

21      This Court does not have an expedited calendar.  As of the date of this Order, the

22  undersigned presides over approximately 90 active prisoner civil rights cases in various states of

23  litigation, and more than 300 other civil cases.  While the Court regrets the delays in the litigation

24  of this action that are unavoidable given the tremendous judicial resource emergency experienced

25  throughout this District, Plaintiff cites no authority – and the Court is aware of none – to persuade

26  the undersigned that Plaintiff's case merits expedited or favored treatment to the detriment of

27  other cases pending on the Court's docket.

28  ///

1    Accordingly, Plaintiff's motion to expedite is DENIED.

2          **c.  Settlement Conference**

3    As a preliminary condition to directing the parties to determine whether to schedule for

4    settlement conference, Plaintiff's complaint must be screened. 28 U.S.C. 1915A(a). Once

5    screened, if the complaint is found to sufficiently and plausibly allege a cause of action or claim

6    entitled to relief, the Court can refer the action to Alternative Dispute Resolution ("ADR"). At

7    that time, if all parties agree, the Court will schedule an early settlement conference.

8    **III.      CONCLUSION AND ORDER**

9    Accordingly, for the reasons given above, the Court HEREBY ORDERS as follows:

10   1.  Plaintiff's motion for appointment of counsel (Doc. 10) is DENIED.

11   2.  Plaintiff's motion to expedite (Doc. 10) is DENIED.

12   IT IS SO ORDERED.

13   Dated:  __September 27, 2024__       _____

14                                              UNITED STATES MAGISTRATE JUDGE