UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE FRANKLIN TSETSE,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY CAMPBELL,<br><br>Defendant. | Case No.: 1:24-cv-00275-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 1)<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Prince Franklin Tsetse ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Tammy Campbell ("Defendant") for alleged violations of Plaintiff's constitutional rights.

## I.      PLEADING REQUIREMENTS

### a.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

1    A complaint must contain "a short and plain statement of the claim showing that the

2    pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that

6    each defendant personally participated in the deprivation of Plaintiff's rights.  *Jones v. Williams*,

7    297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

9    liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d

10   1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

11   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12   that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79; *Moss v.*

13   *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

14   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15   liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d

16   at 969.

17   ### b.  Section 1983

18   Section 1983 provides a cause of action for the violation of constitutional or other federal

19   rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not itself

20   a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."

21   *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan,* 443 U.S. 137,

22   144 n.3 (1979)).

23   To state a claim under section 1983, a plaintiff must show a causal connection or link

24   between the actions of the defendants and the deprivation alleged to have been suffered by the

25   plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a

26   government actor may be liable under section 1983, if they perform an affirmative act,

27   participates in another's affirmative acts, or fails to perform an act which they are legally required

28   to do that causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740,

743 (9th Cir. 1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a government actor may be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

## II.   BACKGROUND AND CLAIMS

On March 6, 2024, Plaintiff initiated this action with the filing of a complaint. (Doc. 1). Plaintiff alleges jurisdiction under 42 U.S.C. § 1983, arising from due process violations of both the California and United States Constitutions by Defendant Tammy Campbell, warden of California State Penitentiary, Corcoran ("CSP Corcoran").

Plaintiff alleges that Defendant is "unlawfully holding [him] in restraints of my life and liberties, as protected by state and federal constitutions." He alleges that Defendant, as warden of Corcoran state prison, is a state-appointed official who is sworn "to perform her duties under the color of state laws." Plaintiff further alleges, "Campbell failed to furnish a certified copy of the judgment of conviction, specifically certified by the judge. Therefore, she is directly and deliberately with indifference violating my rights. It should not be my duties to contact the courts to correct the matter when the warden is the person who is in violation of the law that she took the oath to follow." *Id.* at 3.

Plaintiff characterizes his injury as follows: "unlawful imprisonment. My rights are unprotected. I am now a slave under the wardens [sic] restraint." He states that he has exhausted his administrative remedies. *Id.* He seeks an order directing Defendant to release him and a reprimand, as well as other possible relief. *Id.* at 6. He attaches to his complaint an abstract of judgment from the Superior Court of the State of California, County of Alameda (*id.* at 7-8), as well as a California Department of Corrections and Rehabilitation ("CDCR") appeal of grievance form 602-2 (*id.* at 9-10) and a CDCR Office of Appeals decision (*id.* at 11-12).

## III.   DISCUSSION

### a.   Plaintiff's Complaint is Barred by the Applicable Statute of Limitations

Section 1983 does not contain a statute of limitations. Without a federal limitations period,

3

the federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007)). Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Id.* at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955. "A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008).

California's two-year statute of limitations for personal injury actions applies to § 1983 claims brought in this state. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. Proc. § 335.1. As Plaintiff is serving a life sentence without possibility of parole (Doc. 1 at 7), it is likely that tolling under California Code of Civil Procedure § 352.1 does not apply. *See Brown v. Cnty. of Los Angeles*, 830 F. App'x 231 (9th Cir. 2020). Plaintiff provides no date of occurrence regarding the facts alleged in his complaint. An inquiry using the California Incarcerated Records and Information Search (CIRIS) tool shows his admission date to CSP Corcoran as January 8, 2016.[1] It follows that any action regarding his judgment of conviction or imprisonment falls afoul of the applicable statute of limitation.

Plaintiff's claims could be considered timely if he alleges facts sufficient to show the limitations period may be equitably tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77. Under California law, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of

---

[1] Reachable at CDCR, California Incarcerated Records and Information Search (CIRIS), https://ciris.mt.cdcr.ca.gov/results?lastName=tsetse (last accessed November 8, 2024).

1   forces beyond his control; and (3) Defendant must not be prejudiced by the application of

2   equitable tolling. *See Hull v. Central Pathology Serv. Med Clinic*, 28 Cal. App. 4th 1328, 1335

3   (Cal. Ct. App. 1994). The undersigned finds no such allegations here that, if proven, could

4   establish any plausible claim for equitable tolling and, therefore, finds Plaintiff's claims barred by

5   the applicable statute of limitations.

6   **b.  Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

7   Though Plaintiff cites no statutory authority in his complaint, he does cite to California

8   Penal Code § 1213 in his CDCR appeal of grievance form attached therein (Doc. 1 at 9), as well

9   as additional inapplicable statutes and case law, discussed further below.

10   Under California law, "[w]hen judgment upon a conviction is rendered, the clerk must

11   enter the judgment in the minutes, stating briefly the offense for which the conviction was had,

12   and the fact of a prior conviction, if any. A copy of the judgment of conviction shall be filed with

13   the papers in the case." Cal. Pen. Code § 1207.

14   Additionally, California Penal Code § 1213 requires that:

15   (a)(1) When a probationary order or a judgment, other than of death, has been
16   pronounced, a copy of the entry of that portion of the probationary order ordering
     the defendant confined in a city or county jail as a condition of probation, or a copy
17   of the entry of the judgment, or, if the judgment is for imprisonment in the state
     prison or imprisonment pursuant to subdivision (h) of Section 1170, either a copy
18   of the minute order or an abstract of the judgment as provided in Section 1213.5,
     certified by the clerk of the court, and a Criminal Investigation and Identification
19   (CII) number shall be forthwith furnished to the officer whose duty it is to execute
     the probationary order or judgment, and no other warrant or authority is necessary
20   to justify or require its execution.

21
22   (b) If a copy of the minute order is used as the commitment document, the first page
     or pages shall be identical in form and content to that prescribed by the Judicial
23   Council for an abstract of judgment, and other matters as appropriate may be added
     thereafter.

24   Cal. Pen. Code § 1213.

25

26   Judgment is rendered in California criminal cases when the trial court orally pronounces

27   sentence. *People v. Scott*, 203 Cal. App. 4th 1303, 1324 (2012). Afterwards, the clerk of the court

28   must enter the judgment in the minutes and prepare an abstract of judgment to provide to the

1   officer who is to then execute the judgment. Cal. Penal Code §§ 1207, 1213, 1213.5.

2       "In the event of a discrepancy between the oral pronouncement of judgment and a minute

3   order or an abstract of judgment, the oral pronouncement controls." *People v. Gobert*, 89 Cal.

4   App. 5th 676, 689 (2023), review denied (June 14, 2023). To elaborate further, "[the abstract of

5   judgment] may serve as the order committing defendant to prison, and is 'the process and

6   authority for carrying the judgment and sentence into effect.'" *People v. Delgado*, 43 Cal.4th

7   1059, 1070 (2008). "[It] is a contemporaneous, statutorily sanctioned, officially prepared clerical

8   record of the conviction and sentence." *Id.* (emphasis omitted). "When prepared by the court

9   clerk, at or near the time of judgment, as part of his or her official duty, the abstract of judgment

10  is cloaked with a presumption of regularity and reliability." *Id.* However, the abstract of judgment

11  "is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement

12  of judgment to the extent the two conflict." *Id.*

13      There is no requirement in the applicable California law that mandates that a warden, such

14  as Defendant, must provide a copy of the judgment of conviction on request to a prisoner, such as

15  Plaintiff. The aforementioned statutes require only that the clerk of the convicting court furnish an

16  abstract of judgment to the executing officer, normally the warden. As such, § 1213 does not

17  apply.

18      Plaintiff additionally cites to "Cal. Pol. Code § 1032" and California Code of Civil

19  Procedure §§ 1892 and 1893. (Doc. 1 at 9). As to the former, the Court is uncertain to what statute

20  Plaintiff refers. California has no § 1032 in its Penal Code. California Labor Code § 1032 and

21  Insurance Code § 1032 are inapplicable here. California Code of Civil Procedure § 1032 is also

22  inapplicable and California Code of Civil Procedure §§ 1892 and 1893 do not exist. The Court

23  finds no applicable state code sections under such numbers.

24      Plaintiff cites two cases in his CDCR appeal of grievance form attached therein. (Doc. 1 at

25  9-10). Those cases are *People v. Howard*, 72 Cal. App. 561, and "*In re Taube*." Plaintiff does not

26  provide a case number for the latter. The undersigned has conducted a search and found two cases

27  with that name. One originates in New York state court[2] and is, thus, inapplicable here. The other

28  _____

[2] *In re Taube*, 308 A.D.2d 83, 83, 761 N.Y.S.2d 225, 226 (2003).

1  dates to 1947 and concerns concurrent sentences. *See In re Taube*, 78 Cal.App.2d 142. The

2  discussion in that opinion as to § 1213 simply repeats the law already described above and

3  expands upon it related to subsequent orders regarding concurrent sentencing terms. *See id.* It has

4  no applicability here.

5          As to the former case, in *Howard*, the California Court of Appeal upheld the admission of

6  a certified copy of a judgment and commitment to state prison, stating that when a certified copy

7  of a judgment of conviction is delivered to the warden of the state prison, as required by the

8  applicable law at the time, that copy of judgment becomes an official document at the state prison

9  and a certified copy of that copy, authenticated by the warden, is admissible into evidence. *Id.* It

10 follows that *Howard* is also inapplicable.

11         Finally, Plaintiff's claims regarding unlawful imprisonment and due process violations are

12 directed to the "validity of his conviction or sentence" and thus are barred under § 1983. *Heck v.*

13 *Humphrey*, 512 U.S. 477, 486 (1994) ("We think the hoary principle that civil tort actions are not

14 appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §

15 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his

16 conviction or confinement, just as it has always applied to actions for malicious prosecution.");

17 *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) ("[T]he applicability of the favorable

18 termination rule turns solely on whether a successful § 1983 action would necessarily render

19 invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's

20 confinement.").

21         Plaintiff was convicted after a jury trial and did not plead guilty nor *nolo contendere*. As

22 such, a judgment in favor of Plaintiff, finding unlawful imprisonment and due process violations,

23 would then call into question the validity of his sentence. It follows then that *Lockett v. Ericson*,

24 656 F.3d 892 (9th Cir. 2011), does not apply here. *See also Chavez v. City of California*, No.

25 1:19-cv-00646-DAD-JLT, 2020 WL 1234503, at 6 (E.D. Cal. Mar. 13, 2020) (explaining that the

26 Ninth Circuit precedent indicates that "*Heck*'s inapplicability to certain cases involving pleas is

27 essentially an application of the harmless error exception first recognized in *Heck* itself").

28 ///

1
2
3
4
5

**c.  Leave to Amend Would be Futile**

The undersigned finds that granting Plaintiff leave to amend would be futile. As discussed above, Plaintiff's claims are both time-barred and a challenge to his conviction and sentence and , thus, cannot be remedied by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely").

6

**IV.     CONCLUSION AND ORDER**

7

The Clerk of the Court is DIRECTED to randomly assign a district judge.

8
9

For the foregoing reasons, it is HEREBY RECOMMENDED that the complaint (Doc. 1) be dismissed with prejudice.

10
11
12
13
14
15
16
17
18
19
20
21
22

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge** when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

23

IT IS SO ORDERED.

24
25

Dated:   **November 25, 2024**

UNITED STATES MAGISTRATE JUDGE

26
27
28

8